NO. 07-03-0306-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 3, 2003



______________________________



IN RE CITY OF CANYON, RELATOR


_______________________________







Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER


 On July 3, 2003, came on to be considered the Motion for Emergency Relief filed
by relator City of Canyon pursuant to Tex. R. App. R. 52.10 and in connection with its
Petition for Writ of Mandamus. By its motion, the City seeks this court's order staying
enforcement of part of an order signed on June 30, 2003, in trial court Cause No. 53,045-A
in the 47th District Court of Randall County, Texas, by the Honorable David L. Gleason,
Senior Judge (the "trial court order"). 

 The Motion for Emergency Relief is granted. See Tex. R. App. R. 52.10(b). That
part of the trial court order that reads as follows is stayed pending further order of this
court: 

 (2) The City Clerk is ordered to present the Petition to the City Commission
for its consideration at its next regularly scheduled meeting on July 7, 2003
or at the earliest time allowed by law. 


 So ordered. 

 

 Per Curiam 



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
 07-10-0090-CR

                                                             

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

NOVEMBER 16, 2010

______________________________

 

 

JASMAN EDWARD WILLIAMS,

 

Appellant

 

v.

 

THE STATE OF TEXAS,

 

Appellee

______________________________

 

FROM THE 242nd DISTRICT COURT OF
SWISHER COUNTY;

 

NO. B 4215-08-10; HON. ED SELF,
PRESIDING

______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jasman
Edward Williams (appellant) pled guilty to forgery and was placed on deferred
adjudication probation for three years. 
Subsequently, the State filed to adjudicate appellant guilty and a
hearing was held.  The trial court did
find that appellant had violated conditions of probation and rendered a
judgment adjudicating appellant guilty. 
Furthermore, the trial court found that appellant was able to pay
attorneys fees and order[ed]
[appellant] to pay attorneys fees in the amount of $500.00.  Appellant appeals that
order.  As modified, we affirm.

Appellant
contends that the trial court erred in ordering him to pay $500 in attorneys
fees.  This is so, according to
appellant, because the evidence at the adjudication hearing showed that at the
time of the hearing he had only been employed two or three weeks, that he was
behind on his financial obligations to probation and nothing of record showed
he had the ability to pay for his court appointed attorney.  Therefore, the evidence was insufficient to
support the trial courts order.  The
State agrees with appellant and requests that we reform the judgment to delete
the order requiring Appellant to pay $500.00 for attorneys fees.

In
order to assess attorney's fees, the trial court must first
determine that the defendant has financial resources that enable him to offset
in part or in whole the cost of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2009). And the record must
reflect some factual basis to support the determination that the defendant is
capable of paying attorney's fees. 
Barrera v. State, 291 S.W.3d 515,
518 (Tex. App.Amarillo 2009, no pet.)
(per curiam); Perez v. State, 280 S.W.3d 886,
887 (Tex. App.Amarillo 2009, no pet.). 

Here,
even though the trial courts judgment finds that appellant has the ability to
pay $500 in attorneys fees, nothing of record supports this finding.  Therefore, we find that the order to pay
attorneys fees is improper because the evidence is legally insufficient to
support the finding.

Accordingly, we
sustain the issue, modify the judgment to delete the passage directing
appellant to pay an attorneys fee of $500, and affirm the judgment as
modified.

 

                                                                        Brian
Quinn

                                                                        Chief Justice

 

Do not
publish.